**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BOISSELLE,<br>　　　　　**Plaintiff,** | : | **Civil Action No.** |
| | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| NGD EWC 1, LLC d/b/a | : | |
| EUROPEAN WAX CENTER,<br>　　　　　**Defendant.** | : | |
| | : | |

## CIVIL ACTION

Plaintiff, Lisa Boisselle (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against NGD EWC 1, LLC d/b/a European Wax Center (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Quakertown, PA.

3. Upon information and belief, Defendant NGD EWC 1, LLC d/b/a European Wax Center is a chain of hair removal salons with a location at 3045 Center Valley Parkway, Suite 105, Center Valley, PA 18034 and corporate headquarters located at 117 Gray Drive, Northampton, PA 18067.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

2

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADEA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on May 2, 2025, alleging age discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2025-05791 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated May 15, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S APPLICATION HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1969.

21. In or around the winter of 2024, Plaintiff began to apply to Defendant for the position of Waxing Technician.

22. Plaintiff is well qualified for the position.

23. Plaintiff has applied to multiple locations of Defendant, including, but not limited to, Warrington, Center Valley, Kutztown, Doylestown, Royersford and Allentown for the position of Waxing Technician through LinkedIn.

## DEFENDANT SENDS PLAINTIFF A SURVEY TO COMPLETE UPON RECEIPT OF HER APPLICATION WHICH ASKS IF SHE IS OVER 40 YEARS OLD

24. Each time, Defendant sends Plaintiff a survey to complete via text message and email following her application.

25. The survey includes a required question whether the applicant is over the age of 40.

26. Plaintiff has answered honestly that she is over 40 years old.

## DEFENDANT DID NOT CONTACT PLAINTIFF FOLLOWING HER APPLICATIONS

27. However, Defendant did not contact Plaintiff after she submitted this survey.

28. Plaintiff proceeded to call each location she applied to in order to follow up with his application.

29. Often times, Defendant did not answer or return Plaintiff's phone calls.

30. Plaintiff continued to apply to Defendant and followed up with the location that she applied to.

## HIRING MANAGER INFORMED PLAINTIFF THAT SHE WOULD BE A GREAT FIT

31. In or around November 2024, Britney Last Name Unknown ("LNU"), Hiring Manager, informed Plaintiff that she would be a great fit at Defendant and that she would get back to her.

## NEITHER BRITNEY NOR ANY OTHER EMPLOYEE OF DEFENDANT CONTACTED PLAINTIFF

32. However, neither Britney nor any other employee of Defendant contacted Plaintiff regarding her applications.

## PLAINTIFF APPLIED TO DEFENDANT AGAIN, BUT DID NOT RECEIVE A RESPONSE

33. The last application Plaintiff submitted to Defendant was in or around mid-April 2025.

34. Again Plaintiff completed the mandatory survey, but did not hear back from Defendant.

## DEFENDANT FAILED TO HIRE PLAINTIFF

35. Defendant has continued to post the available Waxing Technician positions at its various locations, but has not even called Plaintiff for an interview.

36. Defendant failed to hire Plaintiff due to her age in violation of the ADEA and the PHRA.

37. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff was born in 1969.

40. Plaintiff was qualified to perform the job.

41. Defendant failed to hire Plaintiff.

42. Defendant treated younger employees more favorably than Plaintiff.

43. Defendant has no legitimate non-discriminatory reason for its actions.

44. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra*.

**COUNT II – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her age.

47. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Lisa Boisselle, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

6

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training  programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its failure to hire; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: August 13, 2026          By:  */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

7